## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| **TAMORA MALONE,** *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CAUSE NO. 3:06-CV-719 AS** |
| v. ) | |
| ) | |
| **UNITED STATES,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

Tamora Malone, a *pro se* prisoner, submitted a motion seeking the return of property pursuant to FED. R. CRIM P. 41(g) and a petition seeking to proceed *in forma pauperis*.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Ms. Malone is seeking the return of property that was taken on February 27, 2004, but she has waited too long to do so and this claim is barred by the doctrine of estoppel.

> [T]he plaintiff is estopped from bringing this action due to the four year lapse between the time he first learned of the seizure and the time he commenced action to regain his property. [W]here the plaintiff fails to take action within two years of constructive notice of seizure, a motion pursuant to Rule 41[g] will be dismissed.

*Hill v. United States*, 830 F. Supp. 270, 274 (D. Pa. 1993) (Citation and parentheses omitted).

In this case, Ms. Malone was aware of the seizure the day that it occurred, therefore those two years expired February 27, 2006. This case was not filed until October 18, 2006, therefore it is barred by estoppel.

For the foregoing reasons, her *in forma pauperis* petition (docket # 2) is **DENIED** and her claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

**ENTERED: October 19 , 2006**

                                 **S/ ALLEN SHARP**
                                 **ALLEN SHARP, JUDGE**
                                 **UNITED STATES DISTRICT COURT**